IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 1, 2023 Session

**THOMAS EDWARD CLARDY v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 2006-B-1065    Jennifer Smith, Judge**

_____

**No. M2021-00566-SC-R11-ECN**

_____

JEFFREY S. BIVINS, J., with whom SHARON G. LEE, J., joins, concurring in the judgment.

I agree with the majority that the trial court correctly dismissed Mr. Clardy's petition for a writ of error coram nobis without conducting a hearing on the merits because the petition was untimely and was not entitled to tolling. I also agree with the majority that the trial court handled and decided this case exactly as it should have. Thus, I concur in the judgment of the Court.

I write separately because I depart from the majority's decision to address an issue that is not necessary for the Court to reach in this case. That issue is the burden of proof that must be carried by a petitioner to toll the error coram nobis statute of limitations.

Error coram nobis relief generally is subject to a one-year statute of limitations. See Tenn. Code Ann. § 27-7-103 (2017). There is no dispute that the petition in this case was filed after the expiration of the statute of limitations. The majority, consistent with our prior holdings, recognizes that a petitioner may seek to toll the error coram nobis statute of limitations through a petition based on new evidence of actual innocence. See, e.g., Nunley v. State, 552 S.W.3d 800, 828–29 (Tenn. 2018); Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001). The majority holds that, in that context, (1) "actual innocence" evidence must consist of proof that the petitioner did not commit the underlying crime, and (2) the petition must be based on evidence that clearly and convincingly would show that the petitioner is actually innocent of the underlying crime.

I agree that evidence of actual innocence must consist of proof that the petitioner did not commit the underlying crime. However, the standard adopted by the majority regarding the burden necessary for tolling the error coram nobis statute of limitations was not addressed by either party in their briefs or at oral argument. Likewise, the Court asked

no questions at oral argument about this standard, nor did it require supplemental briefing on this issue.

In its application for permission to appeal to this Court, the State identified two issues: (1) "Whether an error coram nobis petitioner must present evidence of actual innocence to obtain due-process tolling of the statute of limitations;" and (2) "If so, whether the evidence presented in this case—which does not rule out or seriously undermine the petitioner's guilt—meets the standard of actual innocence." The State's principal brief in this Court reiterated those issues. Mr. Clardy ("the Petitioner") correctly pointed out in his answer in opposition to the State's application for permission to appeal that there is "no dispute . . . either among the parties to this appeal or within the case law" about the first issue—the proposition that an error coram nobis petition must be based on evidence of actual innocence to obtain tolling of the statute of limitations. Thus, it was the second issue that was the point of contention between the parties.

Neither party advocated for or even addressed the burden adopted by the majority today—that an error coram nobis petition seeking tolling must offer evidence that clearly and convincingly would show that the petitioner is actually innocent of the underlying crime. In its briefing, the State urged this Court to adopt the gateway actual-innocence standard from the federal habeas corpus context, which requires a petitioner seeking review of untimely claims to present new evidence making it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). For his part, the Petitioner urged this Court to reject the State's proposed standard as an impermissible requirement for him to prove his innocence as part of the tolling inquiry that conflicts with the standard for granting relief identified by the error coram nobis statute itself. See Tenn. Code Ann. § 40-26-105(b) (2018). Alternatively, the Petitioner argued that he was entitled to tolling even under the State's proposed standard.

I do not dispute that this Court has the authority and discretion to reach the question of an applicable burden and to adopt the clear and convincing evidence standard. See Tenn. R. App. P. 13(b), 36(a). However, just as we have cautioned the intermediate appellate courts to exercise restraint in addressing issues not squarely presented by the parties and to afford the parties an opportunity to be heard on the issues, see State v. Bristol, 654 S.W.3d 917, 926–27 (Tenn. 2022); City of Memphis v. Edwards ex rel. Edwards, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023) (per curiam order), I would choose restraint here and elect not to exercise our discretion to reach the question of the applicable burden.

In my view, the trial court correctly found that the Petitioner's new affidavit evidence, even assuming its veracity, did not "rule out, or even seriously undermine, the

[Petitioner's] involvement in the crime here."[1] Thus, the petition was not based on new evidence of "actual innocence" within the meaning of that term for purposes of error coram nobis tolling adopted by the Court today—i.e., evidence that the Petitioner did not commit the underlying crime.[2] That is all this Court need decide to resolve this appeal. Moreover, this conclusion remains true under any burden of proof that reasonably could be applied in this context. Thus, it is unnecessary to resolve that issue here.

In summary, although I disagree with a portion of the majority opinion, I reach the same result as the majority. Accordingly, I concur in the judgment of the Court.

_____
JEFFREY S. BIVINS, JUSTICE

---

[1] In fact, the trial court's handling of this case is a textbook example of how the case should have been handled, particularly in light of the rather peculiar positions of the parties.

[2] Indeed, even before this Court, the gravamen of the Petitioner's argument remains an attack on the strength of the State's proof, in that he asserts that the new affidavit evidence "effectively compels reasonable doubt about [his] guilt."